FILED
SUPERIOR COURT
OF GUAM

2021 FEB 12 PM 3 29

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **JAMIE DEE ALLEN,** | **DOMESTIC CASE NO.: DM0424-18** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Re: Defendant's Ex Parte Motion to |
| | Modify Custody and for Treatment |
| **SHALYN F. ALLEN,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 4, 2021, upon Defendant's Ex Parte Motion to Modify Custody and for Treatment. Plaintiff Jamie Dee Allen ("Plaintiff") is represented by Catherine Bejerana Camacho, Esq. The Defendant, Shalynn F. Allen ("Defendant"), is represented by Gary W.F. Gumataotao, Esq. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **DENIES** Defendant's Ex Parte Motion to Modify Custody and for Treatment.

## BACKGROUND

The parties were married on July 13, 2004, in Guam and divorced on September 28, 2018. See Pl.'s Decl. in Support of Opp'n to Def.'s Mot. to Modify Custody ¶ 1 (Dec. 28, 2020). The parties share two children, T.A., and L.A., who were born in 2010 and 2011 respectively. *Id.* at ¶ 3. The parties have shared joint legal and physical custody alternating on a weekly basis. *Id.* Defendant has had a change in her work and "will be traveling extensively from Guam to Hawaii and the mainland for extended periods."

Def.'s Ex Parte Mot. to Modify Custody at 2 (Nov. 30, 2020). Further, Defendant claims "[t]he children are stressed, nervous, and appear to unable to cope with this constant negativity . . . manifest[ing] in the form of lying and self-mutilation." *Id.* Plaintiff "does not agree with Defendant's characterization of the children." Pl.'s Decl. ¶ 5 (Dec. 28, 2020).

In light of these developments, Defendant filed the present motion on November 30, 2020, seeking to "alternate physical custody of the minors on a monthly basis," as well as, "initiate, obtain, and continue all psychological treatment for each minor . . . ." *Id.* at 11. In response, Plaintiff filed an opposition to the motion on December 28, 2020. Pl.'s Opp'n to Def.'s Mot. to Modify Custody (Dec. 28, 2020). A hearing was held on January 14, 2021, during which both parties presented witnesses. The Court ordered the children to be assessed and counseled by Dr. Wycoff at Client Services. See Order (Jan. 27, 2021). The Court also ordered an in camera examination of the children which took place on January 29, 2021, and final arguments on the motion were heard on February 4, 2021. The Court subsequently took the matter under advisement.

## DISCUSSION

When the Court analyzes a dispute regarding the custody of a minor child, "the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 GCA § 8404. The primary consideration when determining child custody is the best interests of the child. See *Lanser v. Lanser*, 2003 Guam 14 ¶ 16. Custody awards are subject to modification whenever the best interest of the child require or justify a modification or change. 19 GCA § 8404(f). Further, "[o]nce a court finds that a change in custody is necessary, the sole issue before the court is determining the best interest of the children, not the children and their mother, and not the children and their father." *Lanser*, 2003 Guam 14 ¶ 16 (*quoting Riley v. Riley*, 873 S.W. 2d 564, 567 (Ark. Ct. App. 1994)).

It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together, subject to the condition that this must be in the best interests of the child. See 19 GCA § 8404(h). Under Guam law, there is a preference for both joint legal and joint physical custody arrangements, but the preference for joint custody is always secondary to the best interests of the children. See *Howerton v. Howerton*, 2004 Guam 8 ¶ 14. The trial court is able to consider a broad range of facts and

circumstances when deciding the best interest of a child and determining the child's custody arrangement. See *Flores v. Cruz*, 1998 Guam 30 ¶ 10.

Once a trial court has entered a final or permanent custody order reflecting that a particular arrangement is in the best interest of the child, "the paramount need for continuity and stability in custody arrangements – and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker – weigh heavily in favor maintaining" that custody arrangement. *In re Marriage of Burgess*, 913 P.2d 473, 478-479 (Cal. 1996).

A request for change in custody must be accompanied by a "persuasive showing of changed circumstances affecting the child." *Lanser*, 2003 Guam 14 at n. 7. However, it is undisputed by the parties that a change in circumstances exists. See Opp'n to Def.'s Mot. to Modify Custody at 2 (Dec. 28, 2020) ("Plaintiff agrees that a modification is necessary"). Thus, the only matter at issue is whether Defendant's proposed modification is in the best interest of the children.

Here, the Court finds that the requested modification of child custody is not in the best interests of the children. Defendant notes, "[t]he children's lives would be adversely disrupted if the children are inordinately separated from either father or their mother." Def.'s Ex Parte Mot. to Modify Custody at 5 (Nov. 30, 2020). Further, Defendant is concerned about psychological and behavioral issues with the children which are "manifest[ing] in the form of lying and self-mutilation." Id at 2. Plaintiff has not noticed such behavioral issues, and attributes their absence to "a loving and consistent household," while the children are in his custody. Pl.'s Decl. ¶ 8 (Dec. 28, 2020). Further, according to Plaintiff, "[t]he minor children's lives were disrupted in 2018 when their home switched to two households [and] . . . [t]he children have adapted to this schedule." Opp'n to Def.'s Mot. to Modify Custody at 4 (Dec. 28, 2020).

The Guam Supreme Court has recognized, "the stability of the child's environment [is] in the child's best interest." *Howerton*, 2004 Guam 8 ¶ 29 (*citing Stephenson v. Stephenson*, 847 So. 2d 175, 181 (La. Ct. App. 2003)). See also *Niko v. Foreman*, 144 Cal. Rptr. 3d 398, 412 (Cal. App. 2006) ("[t]he value in preserving an established custodial arrangement and maintaining stability in a child's life is obvious"). Further, "the paramount need for continuity and stability in custody arrangements – and the harm that may result from disruption of established patterns of care and emotional bonds with the

primary caretaker – weigh heavily in favor maintaining" an existing custody arrangement. *Burgess,* 913 P.2d 473, 478-479 (Cal. 1996). Therefore, the Court is convinced that changing the custody schedule, as proposed by Defendant, would disrupt the stability and established patterns of care of the children, and thus, would not be in their best interests. Further, a schedule which would separate the children from their mother, and alternatively their father, for thirty (30) day increments, would seem to only exacerbate the "adverse[] disrupt[ion]" alluded to by Defendant. Def.'s Ex Parte Mot. to Modify Custody at 5 (Nov. 30, 2020).

Next, Defendant claims the modification is necessitated because her "business is expanding to Hawaii and the mainland requiring . . . off island travel," and thus, "[a] monthly custody rotation would best suit the needs of the children by reducing disruption an[d] increased environmental continuity." Def.'s Decl. for Ex Parte Mot. to Modify Custody ¶ 16-17 (Nov. 30, 2020). However, as noted above, "the sole issue before the court is determining the best interest of the children, not the children and their mother, and not the children and their father." *Lanser,* 2003 Guam 14 ¶ 16. Defendant's motion is necessitated by a desire to accommodate her needs to maneuver around a shifting work schedule, and a desire to expand her business, not necessarily the children's needs of stability and routine. The law places an emphasis on stability for minor children in determining their best interests, and this Court does not consider trading career achievement for stability to be a transaction that benefits the children.

Thus, after a close examination of the evidence, including the testimony of the parties, and conducting an in camera examination of the children, the Court finds that modifying custody to a rotating monthly schedule is not in the best interests of the children. Therefore, Defendant's Motion to Modify Custody is denied.

## CONCLUSION

Based on the foregoing, Defendant's Ex Parte Motion to Modify Custody and for Treatment is **DENIED**.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to
*[signature]*

Date:_____ Time: 2/12
*[signature]*

Deputy Clerk Superior Court of Guam

**ORDERED** this ___2/12/2021___.

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam